UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE THOMPSON,<br><br>                       Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>                       Defendant. | Case No.: 23-CV-1179 TWR (DEB)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO STAY ACTION AND ARBITRATE CLAIMS, AND (2) DISMISSING WITHOUT PREJUDICE THIS ACTION IN ITS ENTIRETY**<br><br>(ECF No. 3) |

      Presently before the Court is Plaintiff Bonnie Thompson and Defendant Citibank, N.A.'s Joint Motion to Stay Action and Arbitrate Claims ("Joint Mot.," ECF No. 3), in which the Parties "have agreed to stipulate to stay this action in its entirety pending the completion of arbitration pursuant to the terms of the arbitration provision contained in the credit card agreement(s) and the rules of the [American Arbitration Association ("AAA")]." (*See id.* at 1.) Having carefully reviewed the record and the relevant law, the Court **GRANTS IN PART** and **DENIES IN PART** the Joint Motion, as follows.

      A court's power to stay proceedings is incidental to its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Such power

is "firmly imbedded in our judicial system." *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 13 (1942).  Moreover, "[a] stay is not a matter of right" but rather "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926).  Accordingly, any party seeking a stay "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 798 (1997); *Landis*, 299 U.S. at 255).

The court's discretion to stay or permit judicial proceedings is circumscribed by the parties' right to arbitrate.  *See* 9 U.S.C. § 3.  Pursuant to the Federal Arbitration Act ("FAA"), contractual provisions through which parties agree to arbitrate any controversy arising out of their contract are generally "valid, irrevocable, and enforceable."  *See* 9 U.S.C. § 2.  A party may seek a court order compelling arbitration under such an agreement, *see* 9 U.S.C. § 4, or the parties may jointly stipulate to binding arbitration, *see, e.g.*, *Van Waters & Rogers Inc. v. Int'l Bhd. of Teamsters*, 913 F.2d 736, 740 (9th Cir. 1990); *Plasterers Loc. Union No. 346 v. Wyland Enters. Inc.*, 819 F.2d 217, 218 (9th Cir. 1987).

If a court determines that a suit or proceeding may be referred to arbitration under the FAA, it "shall" issue a stay pending the completion of arbitration upon a motion from either party.  *See* 9 U.S.C. § 3.  Although "Congress's use of 'shall' appears to require courts to stay litigation that is subject to mandatory arbitration," the Ninth Circuit "has long carved out an exception if all claims are subject to arbitration."  *Forrest v. Spizzirri*, 62 F.4th 1201, 1204 (9th Cir. 2023).  "[N]otwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration."  *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988)); *see also Forrest*, 62 F.4th at 1204–05; *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004); *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147 (9th Cir. 1978).

/ / /

Here, Plaintiff asserts two claims against Defendant for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788–1788.33, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  (*See generally* ECF No. 1.)  Through the Joint Motion, the Parties have agreed "to stay this action and submit Plaintiff's claims to binding individual arbitration." (*See* Joint Mot. at 1.)  Because it appears that both of Plaintiff's claims are subject to arbitration, this Court has discretion to dismiss the action.  *See, e.g.*, *Forrest*, 62 F. 4th at 1204–05; *Johnmohammadi*, 755 F.3d at 1073–74.  The Parties have not provided any justification for staying the action, (*see generally* Joint Mot.), and the Court finds no reason why this matter should languish on its docket when there are no claims left to adjudicate.  The Court therefore concludes that a stay would not serve the interests of justice or judicial economy.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' Joint Motion.  Specifically, the Court **GRANTS** the request to arbitrate all claims, **DENIES** the Parties' request to stay, and **DISMISSES WITHOUT PREJUDICE** this action in its entirety.

**IT IS SO ORDERED.**

Dated:  July 24, 2023

_____
Honorable Todd W. Robinson
United States District Judge